**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CORREY BURDEN, | : | |
| | : | Civil Action No. 05-4133 (WJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | |
| CORRECTIONS, et al.,[1] | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Correy Burden
SBI # 479053C/464
Bayside State Prison
4293 Route 47
P.O. Box F-1
Leesburg, NJ 08327

**MARTINI**, District Judge

    Plaintiff Correy Burden, a prisoner currently confined at

Bayside State Prison, seeks to bring this action in forma

pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his

constitutional rights.  Based on his affidavit of indigence and

the absence of three qualifying dismissals within 28 U.S.C.

---

    [1] The Docket reflects only one named defendant, the New
Jersey Department of Corrections.  In the text of the Complaint,
Plaintiff names as an additional defendant the Security Threat
Group Supervisor Pedelino (first name unknown).  The Clerk of the
Court will be directed to correct the docket to include this
additional defendant.

§ 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

While Plaintiff was confined at Northern State Prison, Security Threat Group Supervisor Pedelino placed plaintiff in the Security Threat Group Management Unit ("STGMU") despite the fact that certain administrative staff agreed with Plaintiff that he was not a gang member.  Defendant Pedelino stated that Plaintiff would benefit from the STGMU program.  Plaintiff challenged his placement in the STGMU through the prison Administrative Remedy Procedure.  Plaintiff states that as a result of his placement in the STGMU he was twice assaulted by gang members.  Plaintiff is presently confined at Bayside State Prison.  The circumstances of his transfer and his present classification are not reflected in the Complaint.

2

Plaintiff alleges that his placement in the STGMU violated both his due process and Eighth Amendment rights.

Plaintiff seeks compensatory and punitive damages and all other just and proper relief.  Plaintiff names as defendants Pedelino and the New Jersey Department of Corrections.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

3

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

IV.  ANALYSIS

A.   Eleventh Amendment Immunity

     The Eleventh Amendment to the United States Constitution

provides that, "The Judicial power of the United States shall not

be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by citizens of

another State, or by Citizens or Subjects of any Foreign State."

     As a general proposition, a suit by private parties seeking

to impose a liability which must be paid from public funds in a

state treasury is barred from federal court by the Eleventh

Amendment, unless Eleventh Amendment immunity is waived by the

state itself or by federal statute.  See, e.g., Edelman v.

Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment
protects states and their agencies and departments from suit in
federal court regardless of the type of relief sought.  Pennhurst
State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).
Similarly, absent consent by a state, the Eleventh Amendment bars
federal court suits for money damages against state officers in
their official capacities.  See Kentucky v. Graham, 473 U.S. 159,
169 (1985).  Section 1983 does not override a state's Eleventh
Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require
this Court to dismiss this action if it "seeks monetary relief
from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that
are considered arms of the state for Eleventh Amendment purposes,
nor state officers sued in their official capacities for money
damages are persons within the meaning of § 1983.  Will v.
Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10
(1989); Grabow v. Southern State Correctional Facility, 726
F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of
Corrections is not a person under § 1983).

For the foregoing reasons, all claims against the New Jersey
Department of Corrections and all damages claims against
Defendant Pedelino in his official capacity must be dismissed
with prejudice.

B.   <u>The Due Process Claim</u>

In <u>Fraise v. Terhune</u>, 283 F.3d 506 (3d Cir. 2002), the Court of Appeals for the Third Circuit rejected the claim that transfer to the STGMU deprives a prisoner of a constitutionally-protected liberty interest, 283 F.3d at 522 (<u>citing</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), and held, further, that even if such a transfer does deprive a prisoner of a liberty interest, "the procedures used in determining whether an inmate is a core STG member satisfy procedural due process," 283 F.3d at 523 (citation omitted).  Here, Plaintiff availed himself of the administrative appeal procedures specifically approved by the Court of Appeals. <u>Id.</u>  Accordingly, the claim that Plaintiff was deprived of a liberty interest without due process must be dismissed for failure to state a claim.

C.   <u>The Eighth Amendment Claim</u>

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994); <u>Young v. Quinlan</u>, 960 F.2d 351, 364 (3d Cir. 1992).  Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." <u>Farmer</u>, 511 U.S. at 833 (1994) (internal quotations omitted).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders

7

pay for their offenses against society.'"  Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety.  See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, Id. at 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842.

Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  <u>Farmer</u>, 511 U.S. at 834.

Applying <u>Farmer</u> to the instant action, the first question is whether Plaintiff has alleged facts showing that non-gang members, or Plaintiff in particular, faced a substantial risk of assault due to placement in the STGMU.  The second question is whether Plaintiff has alleged facts from which it could be inferred that defendants were aware of and disregarded that risk.

Plaintiff does not allege facts which suggest that defendants were informed of a specific risk of harm to himself or other inmates, <u>Nami</u>, 82 F.3d at 67-68; <u>Young</u>, 960 F.2d at 362, or that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented" or otherwise obvious to them.  <u>Farmer</u>, 511 U.S. at 842; <u>accord</u> <u>Hamilton v. Leavy</u>, 117 F.3d 742, 747-48 (3d Cir. 1997); <u>Ingalls v. Florio</u>, 968 F.Supp. 193, 199-200 (D.N.J. 1997).  While defendants may not have exercised due care in failing to prevent the alleged assaults, such negligence is insufficient to establish a violation of the Eighth Amendment.  <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights); <u>see also</u> <u>Schwartz v. County of Montgomery</u>, 843 F.Supp. 962 (E.D. Pa.),

9

<u>aff'd</u>, 37 F.3d 1488 (3d Cir. 1994) (stating that corrections officers' failure to observe institutional policies regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or Fourteenth Amendments).  Because negligence is not actionable under § 1983 as a constitutional violation, Plaintiff fails to state a failure-to-protect claim.  Plaintiff will be permitted an opportunity to amend his complaint to cure the deficiencies in pleading his Eighth Amendment claim.

## V.  <u>CONCLUSION</u>

For the reasons set forth above, the Due Process claim will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  All claims against the New Jersey Department of Corrections, and all damages claims against Defendant Pedelino in his official capacity, will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because they "seek[] monetary relief from a defendant who is immune from such relief."  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim for violation of the Eighth Amendment, the Court will

grant Plaintiff leave to file an amended complaint.[2]  An

appropriate order follows.

                              s/William J. Martini

                         _____
                         William J. Martini
                         United States District Judge

Dated: 2/17/06

_____

      [2] Plaintiff should note that when an amended complaint is
filed, the original complaint no longer performs any function in
the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically
incorporated in the new [complaint]."  6 Wright, Miller & Kane,
Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes
omitted).  An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted must be clear and
explicit.  Id.  To avoid confusion, the safer course is to file
an amended complaint that is complete in itself.  Id.